UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERNANDEZ GABINO, et al., <br><br>       Plaintiffs, <br><br>-against- <br><br>S&P 72 CORP. D/B/A LIME LEAF and SUDHIR BHAT, <br><br>       Defendants. | Case No. 1:16-cv-06541 (JLR) <br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

  Plaintiff Ramon Galindo Flores, as well as Hernandez Gabino and Juvenal Gayosso Rosales (together with Plaintiff Flores, "Plaintiffs"), brought this purported class action against Defendants for various violations of federal and state wage and hour laws nearly seven years ago. *See* ECF No. 1. For the reasons set forth below, the Court dismisses this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

  On August 18, 2016, Plaintiffs filed the initial complaint in this action. *See* ECF No. 1. On February 6, 2018, the case was stayed due to Defendant Sudhir Bhat's bankruptcy proceedings. ECF No. 38. The stay was lifted on February 17, 2023. ECF No. 74. On March 10, 2023, Plaintiffs' counsel filed a letter seeking to withdraw as counsel for Plaintiff Flores because they had not been able to contact him for several months since the bankruptcy proceedings had ended. *See* ECF No. 79. The Court ordered Plaintiff Flores and counsel to appear for a conference to address that request on April 4, 2023. ECF No. 80. Counsel served Plaintiff Flores with that Order, as well as their notice of intent to withdraw, on March 13, 2023 (in both English and Spanish). ECF No. 81. Nevertheless, Plaintiff did not appear at that conference, and the Court granted counsel's motion to withdraw for the reasons stated on the

record.  ECF No. 86.  The Court issued an Order requiring Plaintiff Flores to either retain new counsel, or file a notice of appearance if he intended to proceed *pro se*, no later than May 4, 2023.  ECF No. 86.  Counsel served that Order on Plaintiff Flores on April 4, 2023 (in both English and Spanish).  ECF No. 87.  Plaintiff Flores did not file any letter in response to that Order.  On June 5, 2023, the Court *sua sponte* extended the time for Plaintiff Flores to contact the Court about his intent to proceed with the litigation to June 30, 2023.  ECF No. 88.  The Clerk of Court mailed a copy of that Order to Plaintiff Flores.  To date, the Court has not received any correspondence from Plaintiff Flores.

On March 27, 2023, while counsel's motion to withdraw was pending, Plaintiffs Gabino and Rosales filed a stipulation of dismissal with prejudice.  ECF No. 83.  Accordingly, Plaintiff Flores is the only remaining Plaintiff in this action.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order."  Fed. R. Civ. P. 41(b).  "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'"  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)).  "No single factor is generally dispositive."  *Id.*

Because a Rule 41(b) dismissal is "the harshest of sanctions," it must "'be proceeded by particular procedural prerequisites,' including 'notice of the sanctionable conduct, the standard

by which it will be assessed, and an opportunity to be heard.'" *Id.* at 217 (quoting *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013)). Furthermore, "a pro se litigant's claim should be dismissed for failure to prosecute 'only when the circumstances are sufficiently extreme.'" *Id.* (quoting *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)). Under Rule 41(b), a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *LeSane*, 239 F.3d at 209.

## DISCUSSION

Several of the above factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's non-compliance is significant: Plaintiff has not been in communication with counsel or the Court for nearly six months, since at least February 2023, when the bankruptcy stay was lifted. *See, e.g.*, *Singelton v. City of New York*, No. 14-cv-9355 (DLC), 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015) (dismissing an action under Rule 41(b) where "[t]he plaintiff has not meaningfully communicated with the defendants for over two months" and had not communicated with the court in over two months); *Portorreal v. City of New York*, 306 F.R.D. 150, 152 (S.D.N.Y. 2015) (dismissing an action for failure to prosecute where the plaintiff had "repeatedly ignored orders setting deadlines and requiring status letters" and her response to a court order was "almost two months overdue"); *Toliver v. Okvist*, No. 10-cv-05354, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (recommending the dismissal of a case under Rule 41(b), where the plaintiff's response to a court order was five weeks overdue), *adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015). Second, Plaintiff was on notice that his failure to comply would result in dismissal: both the Court's April 4, 2023 Order and the Court's June 5, 2023 Order explicitly warned Plaintiff that this action would be dismissed if he failed to respond. *See Mitchell*, 708 F.3d at 468 (holding that a district court did not abuse its discretion in dismissing an action where its "detailed scheduling order clearly stated that future

3

noncompliance and tardiness would be met with dismissal"). Third, Plaintiff has been given an opportunity to be heard; he was given notice of the April 4, 2023 hearing by his prior counsel, was served by prior counsel with the Court's order following that hearing – which put him on notice of a possible dismissal for his failure to appear – and he was again put on notice by the Court on June 5, 2023. Fourth, this case has been pending for nearly seven years, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. In light of these considerations, the Court finds that Plaintiff's non-compliance warrants dismissal.

In light of Plaintiff's current *pro se* status, the Court must consider whether a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216. Here, "there is no evidence in the record that plaintiff's delay . . . caused any particular, or especially burdensome, prejudice to defendants beyond the delay itself." *LeSane*, 239 F.3d at 210. The case was stayed for most of the time this case has spent on the Court's docket. Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court or to comply with the Court's orders. *See, e.g.*, *Ortega v. Mutt*, No. 14-CV-9703 (JGK), 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (finding that "the lesser sanction of dismissal without prejudice (rather than with prejudice) is appropriate in order to strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity" (internal quotation marks omitted)); *see* also 2 Moore's Federal Practice § 19.101 ("The alternative sanctions that the court should consider include . . . dismissal without prejudice . . . .").

## CONCLUSION

For the foregoing reasons, this action as to Plaintiff Flores is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  The Clerk of Court is respectfully directed to terminate all pending motions and to close this case.

Dated: August 7, 2023
       New York, New York

                                                  SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge